J-S10036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LEE OHLER | : | |
| | : | |
| Appellant | : | No. 1156 MDA 2024 |

Appeal from the PCRA Order Entered July 16, 2024
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000565-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LEE OHLER | : | |
| | : | |
| Appellant | : | No. 1157 MDA 2024 |

Appeal from the PCRA Order Entered July 16, 2024
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000661-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LEE OHLER | : | |
| | : | |
| Appellant | : | No. 1158 MDA 2024 |

Appeal from the PCRA Order Entered July 16, 2024
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000823-2022

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

J-S10036-25

MEMORANDUM BY SULLIVAN, J.:                    **FILED AUGUST 27, 2025**

Michael Lee Ohler ("Ohler") appeals from the order dismissing his first, counseled, petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Ohler's PCRA counsel, Brandy G. Hoke ("Attorney Hoke") has filed a letter brief and application to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant the application to withdraw and affirm the dismissal order.

The PCRA court set forth the following factual and procedural history:

> . . . The charges in each of the above-captioned cases stem from a series of domestic altercations involving [Ohler's] wife, children, and stepchildren, who were victims in their Berwick Township, Adams County, Pennsylvania residence.
>
> Following [Ohler's] arrest, he was represented by Adams County First Assistant Public Defender Jason G. Pudleiner ([] "Attorney Pudleiner") on all three above-captioned cases. Attorney Pudleiner's representation began prior to the preliminary hearings in all three cases.  [I]n February [] 2023, the [c]ourt granted the Commonwealth's [m]otion for [j]oinder and ordered that all three above-captioned cases be joined for trial . . ..
>
> [I]n March [] 2023, the day of jury selection, [Ohler] entered pleas of guilty in all three above-captioned cases: [He] entered open pleas of guilty in CP-01-CR-565-2022 to . . . strangulation, . . . terroristic threats, . . . and . . . simple assault . . ..  In CP-01-CR-661-2022, [Ohler] entered open pleas of guilty to . . . strangulation, . . . simple assault, . . . [and] terroristic threats . . ..  In CP-01-CR-823-2022, [Ohler] entered open *nolo contendere* pleas to . . . [two counts of] simple assault . . ..

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

[I]n October [] 2023, [Ohler] was sentenced in CP-01-CR-565-2022 to a term of total confinement of no less than 48 months nor more than 120 months [for strangulation] and a consecutive term of total confinement of no less than 12 months nor more than 24 months [for simple assault] . . .. [Ohler] was sentenced in CP-01-CR-661-2022 to a term of total confinement of no less than 48 months nor more than 96 months [for strangulation], . . . to run consecutive[ly] to the sentence in CP-01-CR-565-2022. No sentence was imposed on [the remaining convictions in this case]. [Ohler] was sentenced in CP-01-CR-823-2022 to a term of total confinement of no less than 1 year nor more than 2 years [for two counts of simple assault], . . . to run consecutive[ly] to the sentence in CP-01-CR-661-2022.

[I]n November [] 2023, Assistant Public Defender Sonia M. Wise [("Attorney Wise")] filed a post[-]sentence motion on Attorney Pudleiner's behalf [because Attorney Pudleiner was out of the office for several weeks after his wife gave birth to their child]. The [trial] court denied [Ohler's] post[-]sentence motion [i]n November [] 2023.

[I]n January [] 2024, [Ohler] filed a *pro se* PCRA Petition. . . . [T]he [PCRA] court appointed [Attorney Hoke] to represent [Ohler] . . .. [I]n May [] 2024, Attorney Hoke filed an amended [PCRA petition]. The only issue raised in the amended PCRA petition was ineffective assistance of counsel on Attorney Pudleiner's part for his failure to file a direct appeal regarding the [trial] court's order denying [Ohler's] post[-]sentence motion. A PCRA evidentiary hearing was held [i]n June [] 2024.

Attorney Pudleiner testified [as follows] at the PCRA evidentiary hearing . . .[:]

Between November 27, 2023 and December 1, 2023, Attorney Pudleiner engaged in email conversation with Ashley Ohler [("Mrs. Ohler"), Ohler's wife], the substance of which [Mrs.] Ohler would relay to [Ohler]. On November 27, 2023, at 7:11 a.m., [Mrs.] Ohler wrote[,] "[H]e [referring to Ohler] wanted me to reach out and let you know that he wants to appeal the post[-]sentence motion immediately and I also wanted to see if you could update on what all is going on?" Attorney Pudleiner responded on November 27, 2023 at 7:41 a.m. and stated[,] "I've explained numerous times to [Ohler] what to do if he wants an appeal. He needs to write a letter stating that and what legal

reason he is appealing. If he's still in the Adams County jail then it's a free call into the [Public Defender's] office." On November 27, 2023 at 11:05 a.m.[, Mrs.] Ohler wrote[,] "[H]e said he put in a request slip for you to file it and wants to know if he has to mail a letter or if the request slip was enough." On December 1, 2023 at 10:40 a.m.[, Mrs.] Ohler wrote[,] "I told him he needs to send you letters. He's big on appealing everything as PCRA appeal he wants to appeal everything not just the sentence but thank you, have a good day."

[However, o]n December 2, 2023, [Ohler] sent an Adams County Adult Correctional Complex inmate request slip, dated 12/2/23, to [the] Public Defender directed to [Attorney Pudleiner]. The request slip communicated . . . [from Ohler to Attorney Pudleiner, in essence, that "]you are filing some appeal that I did not ask for. This case is not over[;] the only appeal I want and requested is the PCRA. To prove you lied + did not do anything to help me as requested. So again[,] please file the PCRA to have you removed . . ..["]

On December 4, 2023 Attorney Pudleiner sent [Ohler] a letter [informing him that Attorney Pudleiner could not file a PCRA petition asserting his own ineffectiveness, but that Ohler could file a *pro se* petition after which the PCRA court would appoint counsel. Attorney Pudleiner informed Ohler he would need to either wait until the disposition of his appeal, or to wait for thirty days after the period had ended for him to file an appeal.]

In a letter dated November 27, 2023 and sent to the Adams County Clerk of Court's Office from . . . Ohler, [he] wrote:

> I am writing this letter to request a PCRA. The reason for this request is because my public defender failed as my representation by failing to help me with my requests that would have helped [sic] in my case. He promised me if I took this plea I would get less time . . . he also allowed the DA to submit false information . . .. I feel as though my rights to have proper representation has been violated. . ..

Attorney Pudleiner testified that [Ohler] never requested that he file a direct appeal of the [c]ourt's denial of the post-sentence motion. Through correspondence . . ., [Ohler] advised Attorney Pudleiner he wanted to file a PCRA against Attorney Pudleiner and he wanted other counsel appointed to represent

him. Attorney Pudleiner provided [Ohler] with the proper paperwork for the filing of a PCRA and also advised when the PCRA needed to be filed. As a result, [Ohler] filed a *pro se* PCRA [p]etition [in] January [] 2024 in all three above-captioned cases.

PCRA Ct. Op., 7/16/24, at 1-5 (citations to the record and some unnecessary capitalization omitted; some formatting altered). As noted above, the PCRA court appointed Attorney Hoke to represent Ohler, and Attorney Hoke filed an amended PCRA petition which only pursued Attorney Pudleiner's alleged ineffectiveness for failure to file a requested direct appeal.[2] The PCRA court held an evidentiary hearing, after which the PCRA court denied relief. **See** Order, 7/16/24. Ohler timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Prior to addressing the merits of this appeal, we must first consider Attorney Hoke's application to withdraw. In a PCRA matter, an application to withdraw as counsel must comply with the **Turner**/**Finley** requirements:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner** and **Finley**[,] and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court,

_____

[2] We observe that Ohler asserted ineffectiveness in connection with his guilty plea in his *pro se* PCRA petition, though Attorney Hoke declined to raise this claim in the amended petition. At the PCRA evidentiary hearing—at which Attorney Hoke placed on the record the claim at issue, namely, Attorney Pudleiner's failure to file a requested direct appeal—Ohler was present and testified and did not dispute that his amended petition was limited to the direct appeal issue, rather than the validity of his guilty plea. **See** N.T., 1/20/24, at 5 (Attorney Hoke framing the issue for the court and noting she had several discussions with Ohler about it); **id**. at 25-30 (Ohler testifying and not disputing that the claim at issue was Attorney Pudleiner's alleged failure to file a direct appeal).

detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation and brackets omitted). If this Court determines counsel has satisfied these technical requirements, we then conduct our own review of the case and if we agree the claims are without merit, we will permit counsel to withdraw and deny relief. *See id*.

Our review discloses that Attorney Hoke filed a letter brief on appeal to this Court detailing the nature and extent of her diligent review of the record; listing the issues Ohler wants to have reviewed and explaining why they lack merit; and indicating she has filed a petition to withdraw. *See generally* Letter Br., 12/9/24; *accord* App. to Withdraw, 12/9/24. Attorney Hoke avers she sent to Ohler a copy of her letter brief, in which she advised him of his right to proceed *pro se* or hire private counsel, as well as a copy of her application to withdraw. *See* Application, 12/9/24, at ¶ 7. Accordingly, we conclude Attorney Hoke has substantially complied with *Turner*/*Finley*'s technical requirements, and, as such, we proceed to review the merits of Ohler's intended appellate issues to determine whether they are meritless.

Attorney Hoke lists the following issues Ohler intends to raise in this appeal:

1. Whether the [PCRA c]ourt erred as a matter of law and/or abused its discretion in denying [Ohler's a]mended PCRA [p]etition . . . requesting that his direct appeal rights be reinstated.

2. Whether the [PCRA c]ourt erred as a matter of law and/or abused its discretion in finding that Attorney Pudleiner was not ineffective in his representation of [Ohler] regarding [Ohler's] appeal rights, specifically, his request for a direct appeal.

Letter Br. at 6.

Our standard of review of an order dismissing a PCRA petition is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted).

Both of Ohler's intended issues hinge on whether the PCRA court erred in determining that plea counsel was not ineffective for failing to file a direct appeal. In order to be eligible for PCRA relief, the petitioner must prove by a

- 7 -

preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii); *see also Commonwealth v. Benner*, 147 A.3d 915, 919–20 (Pa. Super. 2016).[3]  Where there is an unjustified failure to file a requested direct appeal, trial counsel is *per se* ineffective, because the defendant is left with the functional equivalent of no counsel. *See Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa. Super. 2011). However, to establish *per se* ineffectiveness, a defendant *must still prove that he asked counsel to file a direct appeal*. *See id*. Where there is no request for counsel to file a direct appeal, counsel cannot be *per se* ineffective for failing to file a direct appeal. *See id*. at 716. Where a PCRA petitioner's uncorroborated claims "amount to a bare assertion that we should disregard the credibility determinations of the PCRA court" regarding whether he sought to file a direct

_____

[3] Generally, to prevail on an ineffectiveness claim, the petitioner has the burden to prove: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Benner*, 147 A.3d at 920 (internal citations and quotations omitted). The failure to satisfy any of these prongs is fatal to a petitioner's claim. *See id*. Additionally, counsel is presumed effective. *See id*.

appeal, we are bound by the PCRA court's findings. ***See Commonwealth v. Mojica***, 242 A.3d 949, 956 (Pa. Super. 2020).[4]

In his first and second intended appellate issues, Ohler asserts the PCRA court erred in denying relief because, he alleges, Attorney Pudleiner failed to file a direct appeal following the denial of his post-sentence motion. ***See*** Amended PCRA Pet., 5/14/24, at ¶ 17. At the evidentiary hearing on his PCRA petition, Ohler testified he told Attorney Pudleiner that he wanted to "fight it all however we had to," and that Attorney Pudleiner told him to file a PCRA petition. N.T., 1/20/24, at 26. More specifically, Ohler testified he had wanted to challenge his sentence but with a different attorney. ***See id***. at 26-29.

The PCRA court considered Ohler's issues and concluded they merit no relief:

> In the instant matter, it is clear that [Ohler] did not meet his burden to show that he requested that Attorney Pudleiner file a direct appeal and was ignored . . .. Indeed, this finding is amply supported by the record, testimony given at the PCRA hearing and [Ohler's] own messages to Attorney Pudleiner . . .. This [c]ourt found the testimony of Attorney Pudleiner credible, as it was corroborated by [Ohler's] letters and messages to Attorney Pudleiner. Conversely, this [c]ourt finds [Ohler's] testimony to be not credible, as his own writings contradict his testimony at the PCRA hearing.

---

[4] Additionally, counsel is obliged to make a "reasonable effort to discover the defendant's wishes" regarding an appeal, and where there are issues that counsel, "through procedural maneuvering, explicitly preserved" for appeal, there is a duty to consult with the defendant about the advantages and disadvantages of an appeal. ***See Commonwealth v. Green***, 168 A.3d 173, 177-78 (Pa. Super. 2017).

> . . . [Ohler's] messages to Attorney Pudleiner . . . clearly show that he communicated a desire to abandon any appeal other than a PCRA petition. More specifically, [Ohler] instruct[ed] Attorney Pudleiner to stop work on "some appeal that [he] did not ask for." (Commonwealth Exhibit 2). In his inmate request slip dated December 2, 2023, [Ohler wrote] to Attorney Pudleiner, "[Y]ou are filing some appeal that I did not ask for. This case is not over and the only appeal I want and requested is the PCRA." (Commonwealth Exhibit 2). At the PCRA hearing, [Ohler] offered nothing other than his own testimony to contradict his earlier written messages. Attorney Pudleiner testified consistently with [Ohler's] written messages regarding [Ohler's] expressed desire to pursue a PCRA petition and abandon any other appeal. [Ohler] has plainly not met his burden to show that he requested that Attorney Pudleiner file a direct appeal and ample evidence was presented at the PCRA hearing to show that [Ohler] specifically requested that Attorney Pudleiner **not** file a direct appeal, as [Ohler] only wished to proceed with the PCRA. [Ohler] has not shown ineffective assistance of counsel *per se*.

PCRA Ct. Op., 7/16/24, at 8-9 (emphasis in original; italics added).[5]

Following our review, we conclude Ohler's intended appellate issues are meritless. The PCRA court's findings of fact, which have record support, and which are therefore binding on this Court, are: Attorney Pudleiner received a communication from Mrs. Ohler indicating Ohler's desire to appeal; and, subsequently, he received a letter from Ohler directly acknowledging the communications between Attorney Pudleiner and Ohler's wife about the direct appeal, but contradicting the earlier request for an appeal and stating that

_____

[5] While Ohler has not alleged that Attorney Pudleiner failed to consult with him about a potential appeal, the court noted that the evidence of record established Attorney Pudleiner also discussed with Ohler the merits of a potential appeal. **See** PCRA Ct. Op., 7/16/24, at 9-10.

Ohler did not want Attorney Pudleiner to file the appeal, and that Ohler desired to pursue PCRA relief and allege Attorney Pudleiner's ineffectiveness in connection with the guilty plea. *See* N.T., 1/20/24, at 12-13; 17. Thus, the record supports the PCRA court's finding that Ohler did not ask Attorney Pudleiner to file a direct appeal. For these reasons, Ohler's issues, in which he alleges the PCRA court erred in declining to find Attorney Pudleiner ineffective for failing to file a direct appeal, are meritless. *See Markowitz*, 32 A.3d at 715; *Mojica*, 242 A.3d at 956; *Staton*, 184 A.3d at 954. Accordingly, we affirm the order denying Ohler's PCRA petition and grant Attorney Hoke's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/27/2025

- 11 -